Alvarez Morales v. Garland

Conroy, IJ
A075 447 663

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

------------------------------------------------------------

BOLIVAR GEORDANO ALVAREZ MORALES,

> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

21-6050
NAC

------------------------------------------------------------

FOR PETITIONER:     James D. Brousseau, Esq., Brousseau & Lee, PLLC, Falls Church, VA.

**FOR RESPONDENT:**  Brian M. Boynton, Acting Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of an Immigration Judge ("IJ"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Bolivar Geordano Alvarez Morales, a native and citizen of Ecuador, seeks review of a December 30, 2020 decision of an IJ affirming an asylum officer's determination that he did not establish a reasonable fear of persecution or torture. *In the Matter of Bolivar Geordano Alvarez Morales,* No. A075 447 663 (Immig. Ct. N.Y. City Dec. 30, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

The dispositive issue is whether we have jurisdiction to review the IJ's reasonable fear determination. We conclude that we do not because our jurisdiction is limited to petitions for review filed within 30 days of a final order of removal. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 191 (2d Cir. 2022).

2

Alvarez Morales was removed from the United States in 1997 and reentered in 1999. The Department of Homeland Security ("DHS") reinstated his removal order in 2013, subjecting him to removal under 8 U.S.C. § 1231(a)(5), which provides a summary removal process. *See Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2282 (2021) (citing 8 C.F.R. §§ 241.8(a)-(c), 1241.8(a)-(c)). After a removal order is reinstated, if the non-citizen "expresses a fear of returning to the country designated in that [reinstated] order," an asylum officer determines whether the non-citizen has a reasonable fear of persecution or torture. *Bhaktibhai-Patel*, 32 F.4th at 185 (citing 8 C.F.R. § 241.8(e)). That determination is subject to review by an IJ. *Id.* (citing 8 C.F.R. § 208.31(e), (f)).

Where, as here, the IJ concurs with the asylum officer's finding that the non-citizen has not established a reasonable fear of persecution or torture, the IJ returns the case to DHS for removal of the non-citizen. *Id.* (citing 8 C.F.R. § 208.31(g)(1)). The IJ's concurrence and return of the case is not itself a final order of removal because it does "not determine whether 'the alien is deportable or order[]

3

deportation,'" *id.* at 190 (quoting 8 U.S.C. § 1101(a)(47)(A)), or "'affect the validity' of any determination regarding an alien's deportability or deportation," *id.* (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020)). Our jurisdiction is limited to petitions for review filed within 30 days of a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1); *Bhaktibhai-Patel*, 32 F.4th at 188. Accordingly, we dismiss the petition because the IJ's 2020 reasonable fear determination is not subject to judicial review and the 2021 petition is not timely to challenge the 1997 removal order or the 2013 reinstatement of that order. *See Bhaktibhai-Patel*, 32 F.4th at 191; *but see Tomas-Ramos v. Garland*, 24 F.4th 973, 980 n.3 (4th Cir. 2022) (finding that an IJ's negative reasonable fear determination constitutes a "final order").

For the foregoing reasons, the petition for review is DISMISSED. All other pending motions and applications are DENIED as moot and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4